## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated, | Case No.  8:11-CV-218 |
| Plaintiff | |
| v. | **PROTECTIVE ORDER** |
| TEK INDUSTRIES, INC. d/b/a ACCUCUT, | |
| Defendant. | |

This matter is before the Court on the parties' joint motion for a protective order (filing 14).  Upon the stipulation of the parties,

**IT IS ORDERED** that a Protective Order is granted and entered as follows:

1.      When used in this Order, the words "document" and "documents" mean all written, recorded or graphic matter whatsoever including, but not limited to documents and/or information produced by the producing party to this action.

2.      For purposes of this Order, except as otherwise provided, the term "party" and any reference to the party's names includes the party's officers, employees, representatives, agents, members, directors, attorneys, successors or assigns.

3.      Any party or other person producing documents, testimony or information that contains confidential, proprietary, technical, scientific, business, financial and/or any other information they deem confidential, which is not generally known and which the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good faith judgment of the designating party, be

detrimental to the designating party in the conduct of its business may designate such documents, testimony and/or information as "Confidential" and subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is desired, "Confidential".

4. All documents and every portion thereof so designated as described in paragraph 3 hereof, and produced pursuant to any informal exchange of documents in this matter, shall be considered "Confidential" for purposes of this Order and shall only be used by the non-producing parties for purpose of exploring an early resolution to this matter and not for any business or other purpose whatsoever.

5. No documents designated as Confidential pursuant to this Order, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

    a. the attorneys of record for the parties;

    b. the members or employees of the law firms of the attorneys of record who are involved with the prosecution or defense of the litigation;

    c. Bais Yaakov of Spring Valley's administrator, principal, executive director, and board of directors;

    d. TEK Industries, Inc. d/b/a AccuCut;

    e. any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear;

    f. any experts who are employed or retained by counsel for assistance in this litigation.

6.   Before disclosure of any Confidential document is made to any person described in paragraphs 5(c), 5(d), 5(e), or 5(f) above, the disclosing person shall give the person to whom disclosure is to be made a copy of this Order and the person to whom disclosure is to be made shall agree in writing (in the form attached hereto as Exhibit "A") to be bound by the terms of this Order. Counsel for each disclosing party shall maintain a file of such written agreements until this action is completed, and the signed written agreements shall be made available to the party who produced any Confidential documents within three (3) days upon written request.

7.   This Order does not authorize the distribution of any document or information designated Confidential pursuant to this Order to any putative class member.

8.   No person to whom a document or information designated Confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection the exploration of an early resolution to this matter.

9.   Any party or attorney for a party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the Confidentiality thereof.

10.  Any person receiving a document designated as Confidential shall take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any Confidential information.

11.  In the event that the parties do not reach an early resolution to this matter, all documents designated as Confidential and produced pursuant to this Order shall be returned to the producing party or destroyed within seven (7) days and the

parties shall have to engage in normal discovery methods to obtain copies of any documents designated as Confidential. The party returning or destroying the documents shall certify, in writing, to the producing party, its compliance with the requirements of this paragraph within seven (7) days. This provision shall be triggered by Defendant filing an answer or other responsive pleading in response to the Complaint.

12. In the event that the parties reach an early resolution to this matter, all documents designated as Confidential and produced pursuant to this Order shall be returned to the producing party or destroyed within seven (7) business days of final resolution. The party returning or destroying the documents shall certify, in writing, to the producing party, its compliance with the requirements of this paragraph within seven (7) days. This provision shall be triggered by dismissal of the above-captioned case whether by stipulation, judgment, order or otherwise.

13. In order to allow the broadest possible exchange of information and documentation, the parties agree that the production of a document pursuant to this Order does not waive any objection, or right to object, to the discoverability or admissibility of such document at a later time in the litigation process, the production of a document is not an admission that the document is discoverable or admissible at trial and all objections are reserved and preserved as to any and all documents produced pursuant to this Order.

14. This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or

objections to the discovery or production of documents or information, and to the use or admissibility at any hearing of any evidence, whether or not comprised of documents or information governed by this Order.

15.    This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

**DATED August 18, 2011.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

BAIS YAAKOV OF SPRING VALLEY, on
behalf of itself and all others similarly
situated,

        Plaintiff

        v.

TEK INDUSTRIES, INC. d/b/a ACCUCUT,

        Defendant.

Case No.  8:11-CV-218

      I, _____, do hereby acknowledge that I have received and read a copy of the attached Stipulated Protective Order entered in the above-captioned matter, and I agree to be bound by the terms of the Order, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Order and for judicial action for any violation of the Order.

      DATED this _____ day of _____ 2011.

_____

Address: _____

Relationship to this lawsuit: _____

STATE OF _____ )
                    ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me this _____ day of _____ 2011.

_____
      Notary Public

602641.2

6